**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**BRADLEY M. HANES** **PLAINTIFF**

**VS.** **NO. 3:25-CV-3044-CDC**

**SHERIFF JOHN MONTGOMERY,**
**and LT. MAZE** **DEFENDANTS**

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

## I. INTRODUCTION

Plaintiff Bradley Hanes filed his Complaint in this case on July 15, 2025. (Doc. No. 1.) Plaintiff alleges that Defendants Montgomery and Maze violated his constitutional rights when he was incarcerated as a pretrial detainee at the Baxter County Detention Center (BCDC). *Id*. Specifically, Plaintiff alleges that (1) Defendants failed to provide adequate mental health care for his depression, causing him to experience suicidal ideations, and (2) BCDC charged inamtes, including Plaintiff, for their medical care, which he claims violated his constitutional rights. *Id*. at p. 4-5. Plaintiff was incarcerated at the time he filed his Complaint, (*Id*.), so the Prison Litigation Reform Act ("PLRA"), as amended, applies to this action. 42 U.S.C §§ 1997e(a), (h).

Baxter County Defendants are entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a) because Plaintiff failed to exhaust the detention center grievance process as to any of the claims in his Complaint.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of the summary judgment rule "is to isolate and dispose of factually

unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is not "a disfavored procedural shortcut" but is instead the "principal tool by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. The Court must view the record in the light most favorable to the nonmoving party and make all reasonable inferences in his or her favor. *See Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir. 2011).

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute exists concerning an issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Material facts are those "that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Id.* at 247–48. Rather, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Id*. at 252. Summary judgment may not be precluded by "[d]isputes over irrelevant or unnecessary facts . . . ." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson*, 477 U.S. at 248). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson*, 477 U.S. at 252), *cert. denied*, 565 U.S. 1178 (2012).

"[U]nsupported, self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r.*, 614 F.3d 799, 807 (8th Cir. 2010). "[T]he nonmoving party must substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy" in order to

survive summary judgment. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (cleaned up) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733–34 (8th Cir. 2003)).

## III. ANALYSIS

As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates exhaustion of all available administrative remedies before an inmate may file a federal lawsuit. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that exhaustion is required where administrative remedies are available, *id.* at 738–39, "irrespective of the forms of relief sought and offered through administrative avenues." *Id.* at 741, n.6. *See also Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001) (explaining that, under *Booth*, "if a prison administrative procedure has authority to take some action in response to an inmate's grievance, the PLRA requires exhaustion of a claim for monetary damages even if monetary damages are not available in the administrative proceeding"). Further, the term "administrative remedies" has been held to encompass remedies not formally promulgated by an administrative agency. *See Concepcion v. Morton*, 306 F.3d 1347, 1355 (3d Cir. 2002).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91. The exhaustion requirement was enacted to "reduce the quantity and improve the quality of prisoner suits," by

"afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). When an inmate fails to exhaust administrative remedies prior to filing suit in federal court, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Exhaustion serves two main purposes. First, exhaustion protects administrative agent authority by giving an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it encourages adherence to the agency's procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Second, "exhaustion promotes efficiency" by allowing claims "to be resolved more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*. Cases are often settled or dropped at the administrative level, and "'even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

"The Prison Litigation Reform Act attempts to eliminate unwarranted federal-court interference with the administration of prisons and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford*, 548 U.S. at 93 (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002) and *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA also was intended to "reduce the quantity and improve the quality of prisoner suits." *Nussle*, 534 U.S. at 524. The *Woodford* Court explained that requiring proper exhaustion—which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)"—gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors. *Woodford*, 548 U.S. at 94. "This is particularly

important in relation to state corrections systems because it is 'difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons.'" *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–492 (1973)).

**A. The Baxter County Detention Center Provides Inmates, Including Plaintiff, Accessible Administrative Remedies.**

The Baxter County Detention Center provides inmates an opportunity to file grievances—without fear of reprisal or prejudice—concerning jail policy, procedures, and conditions, and the actions of jailers. (Statement of Indisputable Material Facts, Exhibit A4, Policies and Procedures, page 30 at §§ 025, 025(1).) Inmates are also given an opportunity to appeal decisions on their grievances through the established chain of command: first by appealing to the Chief Deputy, then to the Sheriff, if necessary. (*Id.*, at § 025(10).) Inmates are not retaliated against for filing or appealing grievances. (Statement of Indisputable Material Facts, Exhibit A, Affidavit of Capt. Jeff Lewis, page 2 at ¶ 6.)

Baxter County Detention Center jailers provide inmates with written grievance forms upon request. *See* Exhibit A4, Policies and Procedures, page 30 at § 025(5). Grievances are only applicable to matters concerning jail policy, procedures, or conditions; actions taken by staff or other inmates that have the effect of depriving the inmate of a guaranteed right, service, or privilege; complaints concerning personal property; and allegations of abuse, neglect, or mistreatment. *Id.*, at § 025(2). Grievances are not applicable to matters beyond the control of BCDC staff. *Id.*, at § 025(3).

To initiate the BCDC grievance process, an inmate must file his or her grievance with the Jail Administrator within forty-eight hours of the incident or decision that prompted the grievance. *Id.*, page 31 at § 025(9). Inmates may not submit or file grievances on behalf of other inmates. *Id.*,

page 30 at § 025(4). Grievance forms submitted by inmates are given to the Jail Administrator to be investigated and answered. *Id*., at § 025(6). Grievances should be answered and returned to inmates within five days, weekends excepted, of being received by the Jail Administrator. *Id.*, page 31 at § 025(8). Inmates may appeal decisions on their grievances through the established chain of command at the Baxter County Detention Center: first to the Chief Deputy and then to the Sheriff, if necessary. *Id*., at § 025(10). The decision of the Sheriff on all matters appealed to him is final with respect to inmate grievances. *Id.*

**B. Plaintiff Failed to Exhaust Administrative Remedies Available Through the Baxter County Detention Center Grievance Process.**

Plaintiff Hanes alleges two separate issues in his Complaint: (1) denial of mental health care, and (2) being charged for medical services while at BCDC. *See* Doc. No. 1. As discussed above, BCDC policy (Exhibit A5) describes the inmate grievance process available to inmates at the Baxter County Detention Center. Plaintiff demonstrated that he was familiar with the process and that it was available to him when he filed numerous requests and at least one grievance while at BCDC. *See* Exhibit A2. However, Plaintiff did not file any grievances concerning the allegations raised in his Complaint. Therefore, he failed to fully exhaust the administrative remedies available to him through the BCDC grievance process prior to filing his lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Baxter County Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, dismiss Plaintiff's Complaint with prejudice, and grant Defendants all other relief to which they may be entitled.

Respectfully submitted,

SHERIFF JOHN MONTGOMERY, and
LT. MAZE, in their individual capacities, Baxter County Defendants

Ali B. Noland, Bar No. 2006151
Attorney for Baxter County Defendants
Association of Arkansas Counties
Risk Management Services
1415 W. Third
Little Rock, AR 72201
Phone: (501) 372-7550
Email: anoland@arcounties.org

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2025, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I am mailing the document by United States Postal Service to the following non-CM/ECF participant:

Mr. Bradley M. Hanes
Baxter County Jail
904 Hwy 62 SW
Mountain Home, AR 72653

/s/Ali B. Noland
Ali B. Noland, Bar No. 2006151